AUG, 1971

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOSSIE WAYNE KEMP, et al.,    ]
                              ]
                  Plaintiffs, ]
                              ]
v.                            ]   NO. ED - 1048
                              ]
LEE ROY BEASLEY, et al.,      ]
                              ]
                  Defendants. ]

O R D E R

This matter of school desegregation for the El Dorado School District No. 15 of Union County, Arkansas, is before the Court for final determination of a plan for the operation of a unitary, non-racial, non-discriminatory school system. The United States Court of Appeals for the Eighth Circuit, En Banc, on May 4, 1971, in its order No. 20,507 remanded the matter to the District Court for further consideration in accordance with the guidelines and teachings of the United States Supreme Court in <u>Swann v. Charlotte-Mecklenburg Board of Education</u>, ____U.S.____; <u>Davis v. Board of School Commissioners of Mobile County</u>, ____U.S.____; <u>North Carolina State Board of Education v. Swann</u>, ____U.S.____; and <u>McDaniel, Superintendent of Schools v. Barresi</u>, ____U.S.____, rendered April 20, 1971.

In compliance with the judgment and order of the appellate court, this Court entered an order dated May 10, 1971, requiring the Board of Directors of the El Dorado School District No. 15 to file a plan for the operation of its schools which would comply with the guidelines and teachings of the United States Supreme Court in the above-cited cases. The Court included in its order

EXHIBIT 1

(20)

a scheduled hearing on the school district's proposed plan for Thursday, July 15, 1971. Pursuant to this Court's order, the El Dorado School District No. 15 of Union County, Arkansas, filed a report with the Court on June 15, 1971, which included its proposed plan for future operation of the schools within the El Dorado School District effective with the commencement of the school year 1971-72. Although this Court's order of May 10, 1971, provided the plaintiffs shall have twenty days to reply or otherwise respond to the school district's proposed plan, no response was received or objections to the report of the defendants to the Court was filed until July 13, 1971, two days prior to the scheduled hearing on the defendant's proposed plan. The primary objection of the plaintiffs is the closing of Fairview Elementary School, utilization of Watson School for the 6th Grade instead of "full-fledged elementary school" and the reopening of Morning Star and Carver Elementary Schools. The plaintiffs contend that the proposed action of the board is racially motivated or will have a "racial result."

On July 15, 1971, the Court held an evidentiary hearing. By stipulation of the parties and from records received as exhibits, it was agreed and established that the proposed plan of the school district for the operation of the El Dorado high schools and the junior high schools comply with the federal standards and guidelines of the United States Supreme Court in the cases hereinabove cited. It was further stipulated by the parties that the testimony would be limited to the proposed operation of the numerous elementary schools of the district commencing with the 1971-72 school year.

From the evidence and exhibits thereto, it is established that

-2-

at the beginning of the 1970-71 school year there were a total of 6,423 students, 4,227 white students and 2,196 black students. At the close of the school year May 28, 1971, there were 6,376 students. In the elementary schools, Fairview and Watson were all-black with 284 and 171, respectively. Northwest, Murmil Heights, West Woods and Yocum elementary schools for the school year 1970-71 were either predominantly white or merely "token integrated". It is established and admitted that the operation of the elementary schools for the year 1970-71 failed to comply with the guidelines and teachings of the more recent Supreme Court decisions.

In recognition of the above stated facts and assuming its responsibility as more definitely restated in <u>Swann v. Charlotte-Mecklenburg Board of Education</u>, supra, the school board considered five different plans for the operation of the district's elementary schools. In consideration of the five proposed plans, the school board scheduled and held a public meeting on June 10, 1971. Pursuant to the public hearing and action of the school board in regular meeting June 14, 1971, Alternative Plan No. 5 was approved with modification that Rock Island Elementary School be used instead of Watson Elementary School for the 6th Grade until an access street from Watson School to U.S. Highway No. 82 of approximately one-fourth mile be completed by the City of El Dorado. Fairview, heretofore an all-black elementary school, would be closed and used as a day-care center for needy and indigent children under school age. Morning Star, formerly all-black, closed for the school year 1970-71 and utilized as the day-care center last year, would be reopened for 6th Grade assignment with 65 white and 46 black students. Carver, a previously

-3-

all-black school, closed last year, would be reopened for 6th Grade assignment with 75 white and 45 black students.[1]

It is established from the proposed plan offered by the defendant school district that a combination pairing and zoning is to be used to achieve the proposed results. In order to carry out the proposed plan the school district will be required to provide additional bus facilities and to increase the utilization of the existing busses.

At the conclusion of the hearing July 15, 1971, the Court reserved decision and required the school board to further consider the plan with a view of assigning all six grades to each of the elementary schools instead of using certain elementary schools for 6th grade assignment. The school board was directed to furnish additional information concerning student assignment and bus routes. The policy of "freedom of choice" used heretofore was eliminated. The school board was not required to establish or utilize the principle of "racial balance" but may do so. No school shall be racially identified. Neither would token integration be accepted.

Pursuant to these directives of the Court order of July 16, 1971, the school board filed its report with the Court July 29,

---

[1] The 6th Grade students would be assigned as follows:

| School | Enrollment | Ratio |
|---|---|---|
| Morning Star | 111 | 41%-59% black-white ratio |
| Carver | 120 | 38%-62% black-white ratio |
| Watson | 112 | 33%-67% black-white ratio |

Grades 1 through 5 will be assigned the following schools:

| School | Enrollment | Ratio |
|---|---|---|
| Northwest | 399 | 33%-67% black-white ratio |
| Yocum | 424 | 40%-60% black-white ratio |
| Westwood | 260 | 41%-59% black-white ratio |
| Murmil Heights | 276 | 29%-71% black-white ratio |
| Hugh Goodwin | 426 | 33%-67% black-white ratio |
| Retta Brown | 284 | 46%-54% black-white ratio |
| Southside | 233 | 48%-52% black-white ratio |

1971. In effect the board proposes the same plan submitted previously with more detail in the utilization of the various elementary schools, the manner and extent of bussing and further justification for transferring the day-care school from Morning Star to Fairview, affording greater and more convenient services under the direction of the Union County 4-C Council, Inc., for day-care children.

From the record, reports to the Court, ore tenus testimony and exhibits thereto, the Court concludes that for the 1971-72 school year the proposed Alternative Plan No. 5, without the modification of temporary use of Rock Island facilities, would be the most acceptable plan of those considered by the school board. While it would be desirable if each of the elementary schools could accommodate all six grades, with the location of various schools designed and constructed in accordance with housing patterns under previous design for segregation, it appears to be impracticable, and, in fact, beyond the reach of the school district from a realistic viewpoint at this time.

Even though the Court concludes that the district will not be required to establish and maintain a racial balance, it is established that the overall school ratio is approximately 35% black and 65% white. The Alternative Plan No. 5 as being approved by the Court has a minimum ratio of 29% black - 71% white to a maximum ratio of 48% black - 52% white. This appears to comport with the guidelines and teachings of the <u>Swann v. Charlotte-Mecklenburg Board of Education</u>, supra, and other cited cases by the United States Supreme Court April 20, 1971.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the defendant, El Dorado School District No. 15 of Union County,

-5-

Arkansas, be and the same is required to operate its various schools of the district, as follows:

1. All vestiges of "freedom of choice" is eliminated and any further use prohibited.[2/]

2. The plan of operation for the senior high schools, grades 10, 11 and 12 approved by this Court in its order on April 9, 1969, will continue for the school year of 1971-72 and subsequent years, subject to the continuing jurisdiction and supervision of this Court.

3. The plan of operation for the junior high schools, grades 7, 8 and 9, approved by this Court April 9, 1969, shall continue for the ensuing school year 1971-72 and subsequent years, subject to the continuing jurisdiction and supervision of this Court.

4. The plan of operation for the elementary schools of the El Dorado School District, grades 1 through 6, for the year 1971-72, will be in accordance with the School District's Plan No. 5 to include the utilization of Watson as contained therein, without the modification proposed by the Board for the temporary use of Rock Island's facilities. The Board will provide the Court with further report on the methods of assignment, utilization of the elementary schools and the racial complex at the end of the school year, to include further consideration of pairing or other methods that will achieve the greatest utilization of the school facilities in accordance with the guidelines and teachings of Swann, supra.

---

[2/] The Board may use "preference" expressed in writing by a student for assignment, but such preference shall be recognized only in the discretion of the board and in no way considered to be a freedom of choice by the student.

5. Fairview Elementary School may be used as a "Day-Care Center" in connection with "The Community Coordinated Child Care Program" with the Union County 4-C Council, Inc., El Dorado, Arkansas, as proposed in the Board's report to the Court July 29, 1971. 3/

IT IS FURTHER ORDERED that the Court maintains continuing jurisdiction and supervision in accordance with the directions of the Supreme Court of the United States and the mandate of the United States Court of Appeals for the Eighth Circuit.

DATED: August 2, 1971.

_____
UNITED STATES DISTRICT JUDGE

---

3/ Rock Island Elementary School will be closed until such time as the Board determines, with the approval of the Court, its use.