IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| DOSSIE WAYNE KEMP, *et al.* | | PLAINTIFFS |
| v. | Civil No. ED-1048 | |
| LEE ROY BEASLEY, *et al.* | | DEFENDANTS |

and

| | | |
|---|---|---|
| REV. FRANK TOWNSEND, *et al.* | | PLAINTIFFS |
| v. | Civil No. 89-cv-1111 | |
| LEE ROY BEASLEY, *et al.* | | DEFENDANTS |

## ORDER

Before the Court is the Motion for Declaratory Judgment filed by the El Dorado School District ("EDSD") Defendants. ECF No. 35. Plaintiffs have filed a response. (ECF No. 37). On August 30, 2016, the Court held a hearing on the motion. The Court finds the matter ripe for consideration.

Based on the motion and supporting brief of Defendants (ECF No. 35), the response and brief filed by Plaintiffs (ECF Nos. 37, 38), the *amici curiae* letter from counsel representing the McAuliffe family, the arguments of counsel and testimony of witnesses at the August 30, 2016 hearing, and other matters properly before the Court, the Court finds and concludes as follows:

### FINDINGS OF FACT

1. El Dorado School District (EDSD) is a public school district operating in Union County, Arkansas. Its 2015-16 total enrollment was 4,522 students. The 2015-16 enrollment

was comprised of 2,220 black students (49.1%) and 2,302 non-black students (50.9%).

2. EDSD is bordered by school districts with enrollments comprised of substantially higher percentages of non-black students, specifically Parkers Chapel and Smackover-Norphlet. The 2015-16 total enrollment of Parkers Chapel was 787 and was comprised of 74 black students (9.4%) and 713 non-black students (90.6%). The 2015-16 total enrollment of Smackover-Norphlet was 1,160 and was comprised of 226 black students (19.5%) and 934 non-black students (80.5%).

3. EDSD has been and is subject to this Court's supervision regarding an enforceable desegregation court order.

4. EDSD has never participated in a school choice program that allowed segregative inter-district movement of students.

5. The testimony of former EDSD Superintendent Robert Watson, current EDSD Superintendent Jim Tucker, and former Camden Fairview Superintendent and current Pulaski County Superintendent Dr. Jerry Guess was that inter-district movement of students, such as that permitted by the 2015 Act, would have a segregative impact on EDSD.

## CONCLUSIONS OF LAW

6. The Court retains continuing jurisdiction and supervision pursuant to the Court's August 2, 1971 Order.

7. The Court has considered the Motion for Declaratory Judgment filed by Defendants. ECF No. 35. Based on Defendants' motion, Plaintiffs' response, and the arguments of counsel and testimony of witnesses at the August 30, 2016 hearing, the Court finds that the motion is consistent with the Court's previous orders. The Court further finds that the motion should be and hereby is **GRANTED**.

8. EDSD has a continuing constitutional obligation to avoid taking any action the natural and probable consequence of which would be a segregative impact in EDSD.

9. Participation in the 2015 School Choice Act would allow inter-district movement of students between EDSD and surrounding districts. If allowed, based on the demographics of EDSD and the surrounding districts, such movement would have a segregative impact in EDSD.

10. The 2015 School Choice Act recognizes the command articulated in the Supremacy Clause, U.S. CONST., art. VI, cl. 2, that the Constitution of the United States is the supreme law of the land. The 2015 Act provides that "[i]f the provisions of this subchapter conflict with a provision of an enforceable desegregation court order . . . regarding the effects of past racial segregation in student assignment, the provisions of the order . . . shall govern." ARK. CODE ANN. 6-18-1906(a)(1).

11. The 1971 Order is an enforceable desegregation court order regarding the effects of past racial segregation in student assignment. As such, the Order conflicts with participation in the 2015 School Choice Act, and EDSD appropriately declared its conflict with participating in the 2015 Act. That conflict means that EDSD is not a participant in or subject to the school choice transfers contemplated by the 2015 Act.

12. Accordingly, the Arkansas State Board of Education's July 15, 2016 order granting the McAuliffe family's school choice appeal (Doc. 35-15) is void.

13. The Court maintains continuing jurisdiction over this matter until it finds that EDSD should be released from Court supervision.

**IT IS SO ORDERED**, this 31st day of August, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge