# Exhibit A

# WHITNEY F. MOORE, P.A.
**ATTORNEY AT LAW**
23 Huntington Road
Little Rock, AR 72227
(870) 818-5490

September 15, 2022

*VIA EMAIL ONLY – Shastady.Wagner@ade.arkansas.gov*
Arkansas Department of Education
Division of Elementary and Secondary Education
Attn: Shastady R. Wagner
4 Capitol Mall, Room 302-A
Little Rock, AR 72201

      Re:    Unitary Status Desegregation Obligations of El Dorado School District

Dear Ms. Wagner:

I am writing as the attorney for El Dorado School District ("EDSD"). Please consider this correspondence EDSD's quarterly report regarding its unitary status obligations, in compliance with Section 3-A.10 of the Rules Governing Standards for Accreditation of Arkansas Public Schools and School Districts.

**Details of the District's Outstanding Desegregation Obligations**.

EDSD is a defendant in *Kemp et al. v. Beasley, et al.*, Case No. ED-1048, U.S. Dist. Ct., W.D. Ark., El Dorado Division. The District has been operating under an order entered in that case on August 2, 1971, a copy of which is enclosed. The 1971 Order addressed the following:

1.     Facilities;
2.     Student assignment;
3.     Transportation; and
4.     Prohibition of use of "freedom of choice."

Additional orders consistent with the 1971 Order have been entered over the years on the following subjects: implementation of a magnet school program (October 28, 2003) and school choice (August 31, 2016). Copies of the 2003 and 2016 orders are enclosed. EDSD is also a defendant in *Townsend, et al. v. Watson, et al.*, Case No. 1:89-cv-1111, U.S. Dist. Ct., W.D. Ark. El Dorado Division, which addressed the following:

1.     Staffing; and
2.     Board governance.

The Court most recently issued orders concerning board governance on July 27, 2004 and May 3, 2013, copies of which are enclosed.

**Description of the District's Efforts Towards Obtaining Full Unitary Status and Release from Court Supervision**.

EDSD currently operates six campuses: Hugh Goodwin Elementary, Northwest Elementary, and Yocum Elementary each serve grades K-4, Washington Middle School serves grades 5-6, Barton Junior High serves grades 7-8, and El Dorado High School serves grades 9-12. Since entry of the 1971 Order in *Kemp*, EDSD has complied with that document's directives to close certain buildings and use other buildings for particular purposes and has implemented and maintained non-discriminatory policies governing student assignments and student transportation. In compliance with orders issued in the *Townsend* case, EDSD has a seven-member board of directors, all of whom are elected from zones drawn in compliance with state and federal law, including the Voting Rights Act. EDSD has also implemented non-discriminatory personnel policies, including the policies governing its hiring practices. *Circa* 2004, EDSD moved the Court for permission to establish a magnet program. The motion was granted, and EDSD's elementary schools continue to operate in a magnet format. In 2016, EDSD moved the Court to order it not to participate in the school choice program established by the Arkansas Public School Choice Act of 2015, as participation in the program violates the 1971 Order's prohibition on EDSD's use of "freedom of choice." The District Court, Honorable Susan O. Hickey presiding, issued an order on August 31, 2016 that prevents the district from participating in school choice. That order states specifically that "EDSD has a continuing constitutional obligation to avoid taking any action the natural and probable consequence of which would be a segregative impact in EDSD." Order, Doc. 41, ¶ 8.

**Detailed Plan Including the District's Progress Toward Meeting Its Obligations**.

EDSD believes it is currently in compliance with all of the provisions listed above. With respect to facilities, all students in grades 5-12 have only one attendance option. The three elementary school buildings are between 65-100 years old, but all are in good working condition notwithstanding their age. EDSD believes its facilities are substantially equal for constitutional purposes. At the elementary level, student assignments are made pursuant to the rules governing the magnet program. Race is not a factor in faculty assignments, student assignments, or busing assignments made within EDSD. Pursuant to the Court's 2016 Order, EDSD will continue to request an exemption from participation in school choice by submitting the appropriate documentation to the Department of Elementary and Secondary Education ("DESE") each year by January 1. EDSD has equal employment opportunity policies and does not discriminate in its operations. It continues to be EDSD's position that it has an obligation to prevent the creation, increase, or maintenance of segregated schools. EDSD believes it is unitary but for its continuing obligation to avoid any action the natural and probable consequence of which is to cause racial segregation.

**Timeline for Reaching a Determination of Full Unitary Status and Release from Court Supervision**.

EDSD Superintendent intends to discuss with the EDSD Board the prospect of petitioning the Court for a declaration of partial unitary status as to board governance, staffing, facilities, and

transportation. If the Board agrees to pursue unitary status, I anticipate that such a motion can be filed with the District Court in early 2023. A timeframe for obtaining a decision on such a motion is less clear and will depend upon whether the motion is opposed by the plaintiffs, the Court's docket and availability for hearing the motion, and the time it takes the Court to issue an order on the motion. With respect to student assignment, the 1971 Order's prohibition on "freedom of choice," and the 2016 Order regarding school choice, EDSD believes it is premature to petition for unitary status in these areas, as there has been no significant change in circumstances since entry of the 2016 Order.

If you have any questions regarding this correspondence, please do not hesitate to contact me. Thank you very much for your courteous attention.

Sincerely,

*/s/ Whitney Moore*

Whitney F. Moore

Aug, 1971

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOSSIE WAYNE KEMP, et al.,    ]
                              ]
            Plaintiffs,       ]
                              ]
      v.                      ]      NO. ED - 1048
                              ]
LEE ROY BEASLEY, et al.,      ]
                              ]
            Defendants.       ]

O R D E R

This matter of school desegregation for the El Dorado School
District No. 15 of Union County, Arkansas, is before the Court
for final determination of a plan for the operation of a unitary,
non-racial, non-discriminatory school system. The United States
Court of Appeals for the Eighth Circuit, En Banc, on May 4, 1971,
in its order No. 20,507 remanded the matter to the District Court
for further consideration in accordance with the guidelines and
teachings of the United States Supreme Court in Swann v. Charlotte-
Mecklenburg Board of Education, ____ U.S.____; Davis v. Board of
School Commissioners of Mobile County, ____U.S.____; North
Carolina State Board of Education v. Swann, _____ U.S.____; and
McDaniel, Superintendent of Schools v. Barresi, _____U.S._____,
rendered April 20, 1971.

In compliance with the judgment and order of the appellate
court, this Court entered an order dated May 10, 1971, requiring
the Board of Directors of the El Dorado School District No. 15
to file a plan for the operation of its schools which would comply
with the guidelines and teachings of the United States Supreme
Court in the above-cited cases. The Court included in its order

a scheduled hearing on the school district's proposed plan for Thursday, July 15, 1971. Pursuant to this Court's order, the El Dorado School District No. 15 of Union County, Arkansas, filed a report with the Court on June 15, 1971, which included its proposed plan for future operation of the schools within the El Dorado School District effective with the commencement of the school year 1971-72. Although this Court's order of May 10, 1971, provided the plaintiffs shall have twenty days to reply or otherwise respond to the school district's proposed plan, no response was received or objections to the report of the defendants to the Court was filed until July 13, 1971, two days prior to the scheduled hearing on the defendant's proposed plan. The primary objection of the plaintiffs is the closing of Fairview Elementary School, utilization of Watson School for the 6th Grade instead of "full-fledged elementary school" and the reopening of Morning Star and Carver Elementary Schools. The plaintiffs contend that the proposed action of the board is racially motivated or will have a "racial result."

On July 15, 1971, the Court held an evidentiary hearing. By stipulation of the parties and from records received as exhibits, it was agreed and established that the proposed plan of the school district for the operation of the El Dorado high schools and the junior high schools comply with the federal standards and guidelines of the United States Supreme Court in the cases herein-above cited. It was further stipulated by the parties that the testimony would be limited to the proposed operation of the numerous elementary schools of the district commencing with the 1971-72 school year.

From the evidence and exhibits thereto, it is established that

-2-

at the beginning of the 1970-71 school year there were a total
of 6,423 students, 4,227 white students and 2,196 black students.
At the close of the school year May 28, 1971, there were 6,376
students.  In the elementary schools, Fairview and Watson were
all-black with 284 and 171, respectively.  Northwest, Murmil
Heights, West Woods and Yocum elementary schools for the school
year 1970-71 were either predominantly white or merely"token
integrated".  It is established and admitted that the operation
of the elementary schools for the year 1970-71 failed to comply
with the guidelines and teachings of the more recent Supreme
Court decisions.

In recognition of the above stated facts and assuming its
responsibility as more definitely restated in Swann v. Charlotte-
Mecklenburg Board of Education, supra, the school board considered
five different plans for the operation of the district's
elementary schools.  In consideration of the five proposed plans,
the school board scheduled and held a public meeting on June 10,
1971.  Pursuant to the public hearing and action of the school
board in regular meeting June 14, 1971, Alternative Plan No. 5
was approved with modification that Rock Island Elementary
School be used instead of Watson Elementary School for the 6th
Grade until an access street from Watson School to U.S. Highway
No. 82 of approximately one-fourth mile be completed by the City
of El Dorado. Fairview, heretofore an all-black elementary school,
would be closed and used as a day-care center for needy and
indigent children under school age.  Morning Star, formerly all-
black, closed for the school year 1970-71 and utilized as the
day-care center last year, would be reopened for 6th Grade assign-
ment with 65 white and 46 black students.  Carver, a previously

-3-

all-black school, closed last year, would be reopened for 6th
Grade assignment with 75 white and 45 black students. 1/

It is established from the proposed plan offered by the
defendant school district that a combination pairing and zoning
is to be used to achieve the proposed results.  In order to carry
out the proposed plan the school district will be required to
provide additional bus facilities and to increase the utilization
of the existing busses.

At the conclusion of the hearing July 15, 1971, the Court
reserved decision and required the school board to further
consider the plan with a view of assigning all six grades to each
of the elementary schools instead of using certain elementary
schools for 6th grade assignment.  The school board was directed
to furnish additional information concerning student assignment
and bus routes.  The policy of "freedom of choice" used heretofore
was eliminated.  The school board was not required to establish
or utilize the principle of "racial balance" but may do so.
No school shall be racially identified.  Neither would token
integration be accepted.

Pursuant to these directives of the Court order of July 16,
1971, the school board filed its report with the Court July 29,

1/ The 6th Grade students would be assigned as follows:

| | | |
|---|---|---|
| Morning Star | 111 | 41%-59% black-white ratio |
| Carver | 120 | 38%-62% black-white ratio |
| Watson | 112 | 33%-67% black-white ratio |

Grades 1 through 5 will be assigned the following schools:

| | | |
|---|---|---|
| Northwest | 399 | 33%-67% black-white ratio |
| Yocum | 424 | 40%-60% black-white ratio |
| Westwood | 260 | 41%-59% black-white ratio |
| Murmil Heights | 276 | 29%-71% black-white ratio |
| Hugh Goodwin | 426 | 33%-67% black-white ratio |
| Retta Brown | 284 | 46%-54% black-white ratio |
| Southside | 233 | 48%-52% black-white ratio |

-4-

1971. In effect the board proposes the same plan submitted previously with more detail in the utilization of the various elementary schools, the manner and extent of bussing and further justification for transferring the day-care school from Morning Star to Fairview, affording greater and more convenient services under the direction of the Union County 4-C Council, Inc., for day-care children.

From the record, reports to the Court, ore tenus testimony and exhibits thereto, the Court concludes that for the 1971-72 school year the proposed Alternative Plan No. 5, without the modification of temporary use of Rock Island facilities, would be the most acceptable plan of those considered by the school board. While it would be desirable if each of the elementary schools could accommodate all six grades, with the location of various schools designed and constructed in accordance with housing patterns under previous design for segregation, it appears to be impracticable, and, in fact, beyond the reach of the school district from a realistic viewpoint at this time.

Even though the Court concludes that the district will not be required to establish and maintain a racial balance, it is established that the overall school ratio is approximately 35% black and 65% white. The Alternative Plan No. 5 as being approved by the Court has a minimum ratio of 29% black ~ 71% white to a maximum ratio of 48% black ~ 52% white. This appears to comport with the guidelines and teachings of the Swann v. Charlotte-Mecklenburg Board of Education, supra, and other cited cases by the United States Supreme Court April 20, 1971.

IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED that the defendant, El Dorado School District No. 15 of Union County,

-5-

Arkansas, be and the same is required to operate its various schools of the district, as follows:

1.  All vestiges of "freedom of choice" is eliminated and any further use prohibited. [2]

2.  The plan of operation for the senior high schools, grades 10, 11 and 12 approved by this Court in its order on April 9, 1969, will continue for the school year of 1971-72 and subsequent years, subject to the continuing jurisdiction and supervision of this Court.

3.  The plan of operation for the junior high schools, grades 7, 8 and 9, approved by this Court April 9, 1969, shall continue for the ensuing school year 1971-72 and subsequent years, subject to the continuing jurisdiction and supervision of this Court.

4.  The plan of operation for the elementary schools of the El Dorado School District, grades 1 through 6, for the year 1971-72, will be in accordance with the School District's Plan No. 5 to include the utilization of Watson as contained therein, without the modification proposed by the Board for the temporary use of Rock Island's facilities.  The Board will provide the Court with further report on the methods of assignment, utilization of the elementary schools and the racial complex at the end of the school year, to include further consideration of pairing or other methods that will achieve the greatest utilization of the school facilities in accordance with the guidelines and teachings of Swann, supra.

---

[2]  The Board may use "preference" expressed in writing by a student for assignment, but such preference shall be recognized only in the discretion of the board and in no way considered to be a freedom of choice by the student.

-6-

5. Fairview Elementary School may be used as a "Day-Care Center" in connection with "The Community Coordinated Child Care Program" with the Union County 4-C Council, Inc., El Dorado, Arkansas, as proposed in the Board's report to the Court July 29, 1971. [3/]

IT IS FURTHER ORDERED that the Court maintains continuing jurisdiction and supervision in accordance with the directions of the Supreme Court of the United States and the mandate of the United States Court of Appeals for the Eighth Circuit.

DATED: August 2, 1971.

_____
UNITED STATES DISTRICT JUDGE

---

[3/] Rock Island Elementary School will be closed until such time as the Board determines, with the approval of the Court, its use.

-7-

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOSSIE WAYNE KEMP, et al                                          PLAINTIFFS

VS.                                    NO. ED-1048

LEE·ROY BEASLEY, et al                                            DEFENDANTS

## ORDER APPROVING MAGNET SCHOOL PROGRAM

On this _28_ day of _Oct_, 2003, there is presented to the Court a Motion of the separate Defendant, El Dorado School District No. 15 of Union County, Arkansas ("ESD"), to approve a magnet school program referred to as the "School Preference Program" proposed by ESD. The Plaintiffs were duly notified of the Motion of ESD and the Plaintiffs, through their attorney, have executed and filed herein a Waiver of Service, Entry of Appearance, and Consent to Entry of Order.

Based on the Motion of the separate Defendant, ESD, and based on the agreement of the parties, the Court finds as follows:

1.

This Court retains continuing jurisdiction and supervision pursuant to this Court's Order filed August 2, 1971.

2.

The Court has considered the Motion of the separate Defendant, ESD. Based on the Motion and based on the agreement of the parties, the Court finds that the Motion is

164

consistent with the Court's previous Orders, and that it should be, and is hereby, granted.

3.

The Defendant, ESD, is hereby authorized to implement a magnet school program, more particularly described as follows:

(a)  Beginning with the 2003-2004 school year, the ESD organized its five elementary schools serving grades K-4, as magnet schools with the following themes:

| School | Address | Theme |
|---|---|---|
| Hugh Goodwin Elementary | 201 E. 5th<br>El Dorado, AR 71730 | Fine Arts |
| Murmil Heights Elementary | Cherokee & Ripley<br>El Dorado, AR 71730 | Aerospace |
| Northwest Elementary | 1600 N. College<br>El Dorado, AR 71730 | Environmental Studies |
| Rhetta Brown Elementary | Dixie Drive<br>El Dorado, AR 71730 | World Business and Technology |
| Yocum Elementary | 308 S. College<br>El Dorado, AR 71730 | Math, Science and Technology |

(b)  Each student is allowed to designate the order of his or her preference of particular magnet schools, and thus their academic focus. Assignments are totally within the discretion of the ESD School Board.

(c)  ESD will attempt to gain funding for its' magnet school program through various public and private grants and financial sources, including the United States Department of Education's Magnet School Assistance Program.

(d)     The intent of ESD's magnet school program is to reduce racial isolation and entice students from surrounding districts and private schools to attend the El Dorado School District.

5.

The separate Defendant, ESD, is further authorized to take such other actions as are ordinary, necessary, reasonable, appropriate, and consistent with this Order and previous Orders of the Court, in order to further carry out its magnet school program, otherwise referred to as the "School Preference Program."

IT IS SO ORDERED.

Harry F. Barnes, U. S. District Judge

Date:

J. S. DISTRICT COURT
ESTERN DISTRICT ARKANSA.
FILED

OCT 3 0 2003
CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

Rev. FRANK TOWNSEND, et al                                    PLAINTIFFS

VS.                              Case No. 89-CV-1111

BOB WATSON, Individually and in
his Official Capacity as Superintendent
of the El Dorado School District No. 15,
a Public Body Corporate, et al                               DEFENDANTS

### ORDER

Before the Court is Separate Defendant Board of Education of the El Dorado School

District No. 15's Motion for Modification to a Seven Member School Board.  (Doc. 28)

Plaintiffs have not responded.  Upon consideration, the Court finds the motion should be and

hereby is **granted.**

IT IS SO ORDERED, this 27 day of July, 2004.

Hon. Harry F. Barnes
U.S. District Court

U.S. DISTRICT COURT
ESTERN DISTRICT ARKANSA
FILED

JUL 28 2004

JOHNSON, CLERK
DEPUTY CLERK

AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

REV. FRANK TOWNSEND, et al                                          PLAINTIFFS

VS.                              CASE NO. 1:89-cv-1111

BOB WATSON, Individually
and in his Official Capacity as
Superintendent of the El Dorado School
District No. 15, a Public Body Corporate, et al                    DEFENDANTS

## ORDER

Before the Court is a Motion for Approval of School Board District Re-zoning filed on behalf

of Separate Defendant Board of Education of the El Dorado School District No. 15 ("EDSD"). (ECF

No. 30). Also before the Court is EDSD and Plaintiffs' Joint Motion of Defendants and Plaintiffs

to Approve Consent Order. (ECF No. 31).

The parties jointly request that the Court approve Option 1 which was passed by the Board

of Directors for EDSD on April 30, 2013. Option 1 provides for the redrawing of districts for EDSD

school board positions in accordance with Ark. Code Ann. § 6-13-631; provides for a seven-person

school board rather than an eight-person board in accordance with Ark. Code Ann. § 6-13-606(g);

and converts school board terms from four years to three years in accordance with Ark. Code Ann.

§ 6-13-608.

Upon consideration, the Court finds that the motions should be and hereby are **GRANTED**.

The Court adopts the consent decree agreed to by Plaintiffs and Defendants in their joint motion.

The Court approves El Dorado School District's action in changing its governance to a seven

member board elected from single member districts with the specific election zones identified as

Option 1 in Defendants' motion for approval. The term length of individual board members will be

three years, except for those persons elected in the September 2013 school election who will draw by lot for two 1-year terms, two 2-year terms, and three 3-year terms.

The parties are directed to respond in writing within forty-five days to issues not resolved by the consent order. The Court shall continue to exercise jurisdiction over this matter until it finds that EDSD should be released from Court supervision.

**IT IS SO ORDERED**, this 3rd day of May, 2013.


/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


DOSSIE WAYNE KEMP, *et al.*                                                     PLAINTIFFS

v.                                           Civil No. ED-1048

LEE ROY BEASLEY, *et al.*                                                        DEFENDANTS


and


REV. FRANK TOWNSEND, *et al.*                                                   PLAINTIFFS

v.                                           Civil No. 89-cv-1111

LEE ROY BEASLEY, *et al.*                                                       DEFENDANTS


## ORDER

Before the Court is the Motion for Declaratory Judgment filed by the El Dorado School District ("EDSD") Defendants.  ECF No. 35.  Plaintiffs have filed a response.  (ECF No. 37). On August 30, 2016, the Court held a hearing on the motion.  The Court finds the matter ripe for consideration.

Based on the motion and supporting brief of Defendants (ECF No. 35), the response and brief filed by Plaintiffs (ECF Nos. 37, 38), the *amici curiae* letter from counsel representing the McAuliffe family, the arguments of counsel and testimony of witnesses at the August 30, 2016 hearing, and other matters properly before the Court, the Court finds and concludes as follows:

### FINDINGS OF FACT

1.      El Dorado School District (EDSD) is a public school district operating in Union County, Arkansas.  Its 2015-16 total enrollment was 4,522 students.  The 2015-16 enrollment

1

was comprised of 2,220 black students (49.1%) and 2,302 non-black students (50.9%).

2.      EDSD is bordered by school districts with enrollments comprised of substantially higher percentages of non-black students, specifically Parkers Chapel and Smackover-Norphlet. The 2015-16 total enrollment of Parkers Chapel was 787 and was comprised of 74 black students (9.4%) and 713 non-black students (90.6%). The 2015-16 total enrollment of Smackover-Norphlet was 1,160 and was comprised of 226 black students (19.5%) and 934 non-black students (80.5%).

3.      EDSD has been and is subject to this Court's supervision regarding an enforceable desegregation court order.

4.      EDSD has never participated in a school choice program that allowed segregative inter-district movement of students.

5.      The testimony of former EDSD Superintendent Robert Watson, current EDSD Superintendent Jim Tucker, and former Camden Fairview Superintendent and current Pulaski County Superintendent Dr. Jerry Guess was that inter-district movement of students, such as that permitted by the 2015 Act, would have a segregative impact on EDSD.

## CONCLUSIONS OF LAW

6.      The Court retains continuing jurisdiction and supervision pursuant to the Court's August 2, 1971 Order.

7.      The Court has considered the Motion for Declaratory Judgment filed by Defendants. ECF No. 35. Based on Defendants' motion, Plaintiffs' response, and the arguments of counsel and testimony of witnesses at the August 30, 2016 hearing, the Court finds that the motion is consistent with the Court's previous orders. The Court further finds that the motion should be and hereby is **GRANTED**.

8.      EDSD has a continuing constitutional obligation to avoid taking any action the natural and probable consequence of which would be a segregative impact in EDSD.

9.      Participation in the 2015 School Choice Act would allow inter-district movement of students between EDSD and surrounding districts.  If allowed, based on the demographics of EDSD and the surrounding districts, such movement would have a segregative impact in EDSD.

10.      The 2015 School Choice Act recognizes the command articulated in the Supremacy Clause, U.S. CONST., art. VI, cl. 2, that the Constitution of the United States is the supreme law of the land.  The 2015 Act provides that "[i]f the provisions of this subchapter conflict with a provision of an enforceable desegregation court order . . . regarding the effects of past racial segregation in student assignment, the provisions of the order . . . shall govern."  ARK. CODE ANN. 6-18-1906(a)(1).

11.      The 1971 Order is an enforceable desegregation court order regarding the effects of past racial segregation in student assignment.  As such, the Order conflicts with participation in the 2015 School Choice Act, and EDSD appropriately declared its conflict with participating in the 2015 Act.  That conflict means that EDSD is not a participant in or subject to the school choice transfers contemplated by the 2015 Act.

12.      Accordingly, the Arkansas State Board of Education's July 15, 2016 order granting the McAuliffe family's school choice appeal (Doc. 35-15) is void.

13.      The Court maintains continuing jurisdiction over this matter until it finds that EDSD should be released from Court supervision.

**IT IS SO ORDERED**, this 31st day of August, 2016.

/s/ Susan O. Hickey_____
Susan O. Hickey
United States District Judge